NICHOLAS OVCHINIKOV AND LUKERIA OVCHINIKOV, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ovchinikov v. Commissioner
Docket No. 23896-92
United States Tax Court
T.C. Memo 1994-338; 1994 Tax Ct. Memo LEXIS 346; 68 T.C.M. (CCH) 162; July 25, 1994, Filed *346 Ps, husband and wife, filed joint returns for 1988. R determined deficiencies and additions to tax against Ps based upon the omission of items from gross income during 1988. After replying to R's answer, Ps have failed to participate in this case. R's motion to dismiss for failure to prosecute with respect to all issues for which Ps bear the burden of proof will be granted. Held: R has not shown by clear and convincing evidence that fraud exists. The addition to tax for fraud is not sustained. Nicholas Ovchinikov, pro se. For respondent: Wesley F. McNamara. HALPERN
HALPERN
MEMORANDUM FINDINGS OF FACT AND OPINION HALPERN, Judge: By notice of deficiency dated July 30, 1992, respondent determined a deficiency in petitioners' Federal income tax, additions to tax, and additional interest as follows: Additional
Additions to Tax Interest
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6661
Sec. 6621(c)
1988
$ 23,287
$ 18,887
$ 5,797
120 percent
of interest
due
on $ 23,287
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court *347 Rules of Practice and Procedure. Petitioners failed to appear when this case was called from the trial calendar on November 15, 1993, in Portland, Oregon. At that time, respondent filed with the Court a motion for partial dismissal due to lack of prosecution. By that motion, respondent conceded any additional interest under section 6621(c). The Court accepts that concession. By that motion, respondent also moved for dismissal as to all matters for which petitioners bear the burden of proof, viz, the amount of the deficiency and the addition to tax under section 6661. We advised respondent that the motion would be granted. The only issue left for decision is the addition to tax under section 6653(b)(1). [1]
*348 FINDINGS OF FACT At the time of filing the petition herein, petitioners Nicholas and Lukeria Ovchinikov (petitioners) were married, and their legal residence was in Woodburn, Oregon. Petitioners filed joint returns for their 1987 and 1988 taxable (calendar) years. During 1987 and 1988, petitioners operated a business under the name of Coastline Reforestation (Coastline). Coastline rendered timber-related services. On their 1987 return, petitioners reported $ 651,083 in gross receipts attributable to Coastline, stated that they had used the cash method of accounting for Coastline, and stated that Coastline remained in operation at the end of 1987. Petitioners did not report any income for Coastline on their 1988 return. Petitioner Nicholas Ovchinikov (hereafter petitioner) entered into a number of reforestation and tree-thinning contracts on behalf of Coastline during 1987. Petitioner assigned his right to payment under two of those contracts to a third party: National Finance Center. During 1988, petitioner, or his assignee, received payments under four of those contracts in at least the following amounts: Payor
Amount
Champion International
$ 33,447.17
U.S. Department of Agriculture
26,677.00
(contract No. 53-OMOO-7-14)
U.S. Department of Agriculture
7,114.56
(contract No. 52-05GG-7-0114m)
U.S. Department of Interior,
3,639.64
Bureau of Land Management
(contract No. OR910-CT7-1122)
Total
$ 70,878.37
*349 OPINION Respondent has the burden of proof with regard to the addition to tax for fraud. Sec. 7454(a); Rule 142(b). She must carry that burden by clear and convincing evidence. Rule 142(b). In order to carry her burden as to fraud, respondent must prove that some part of the underpayment for the year in question is due to fraud with the intent to evade tax. Sec. 7454(a); Rule 142(b); , affg. ; ; ; . "Fraud is never presumed. It must be affirmatively established by clear and convincing evidence." . The elements of fraud that respondent must prove under section 6653(b) are (1) underpayment of tax, and (2) intent "to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes." *350 . Our failure to redetermine a deficiency does not necessarily mean that there is clear and convincing evidence of an underpayment. . Nevertheless, here, we find that an underpayment of tax for the 1988 tax year does exist. Respondent has proven by clear and convincing evidence that petitioners (or their assignees) received payments attributable to Coastline during 1988 that were not reported on petitioners' tax return for that year. Evidence of unexplained receipts shifts to the taxpayer the burden of coming forward with evidence as to the amount of offsetting expenses, if any. ; . Petitioners have not carried that burden. Accordingly we conclude that the receipts in question constituted gross income within the meaning of section 61. We find an underpayment of tax for 1988. We now turn to the element of petitioners' intent. The nature of a taxpayer's intent is a question of fact to be resolved *351 by consideration of the entire record. See , affg. ; Direct proof of intent is rarely available; fraudulent intent generally is proven by circumstantial evidence and the reasonable inferences to be drawn from such evidence. ; ; ; ; . A taxpayer's entire course of conduct is examined to establish the requisite intent. . The decision of the Court of Appeals for the Ninth Circuit in , affg. , *352 sets forth a nonexclusive list of the "badges of fraud" that demonstrate fraudulent intent. Those badges include: (1) The understatement of income, (2) inadequate records, (3) failure to file tax returns, (4) implausible or inconsistent explanations of behavior, (5) concealment of assets, (6) failure to cooperate with tax authorities, (7) engaging in illegal activities, (8) attempting to conceal activities, (9) dealings in cash, and (10) failure to make estimated tax payments. . A pattern of understating income and the taxpayer's experience and knowledge of tax laws can be additional indicia of fraud. , affg. . Respondent relies primarily on two cases: , affg. , and . In both cases, there was a pattern of understating income. Here *353 there is no pattern. We have before us evidence of an underpayment in only 1 year. Also, in those two cases, the taxpayers were shown to be knowledgeable or sophisticated as to tax matters. Here there is no evidence of petitioners' knowledge or sophistication as to tax matters. Respondent has offered insufficient badges of fraud to show fraudulent intent. Petitioner has failed to report income that should have been reported. Petitioner did, however, file a tax return. For the prior year petitioners filed a tax return that showed income from the business in question and that stated that the business was in existence at the close of that year. In effect, petitioners led respondent to their underpayment for 1988. Respondent has not shown any attempt to conceal activities or funds, or deceptive behavior, or other significant indicia of fraud. In short, respondent has failed to carry her burden of proof of showing fraudulent intent. Accordingly, we find no fraud and hold that petitioners are subject to no addition to tax under section 6653(b)(1). An appropriate order of dismissal and decision will be entered. Footnotes
1. In her answer, for the first time, respondent asserted an addition to tax for negligence. Petitioners filed a reply denying both fraud and negligence. Respondent did not specifically pursue her theory of negligence at trial. On brief, respondent states as the only question presented the addition to tax for fraud against both petitioners. From her conduct, we assume respondent to have abandoned her claim of negligence, and, therefore, we will not address it.↩